**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREGGORY HARGROW,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 4:07-2223** |
| **v.** | : | |
| **GENE KAZAKOV and GENE KAZAKOV t/a and d/b/a MIDWEST FREIGHT NETWORK and MIDWEST FREIGHT NETWORK, INC.,** | : : : | **(MANNION, M.J.)** |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

Pending before the court is the defendants' motion to strike the plaintiff's claims for punitive damages.  (Doc. No. 3).  Upon review, the defendants' motion will be denied.

## I.    PROCEDURAL HISTORY

By way of relevant background, the plaintiff commenced the instant action by filing a writ of summons in the Court of Common Pleas of Lackawanna County on May 11, 2007.  The plaintiff subsequently filed his complaint in Lackawanna County on December 3, 2007.  On December 6, 2007, the defendants filed a notice of removal in this court pursuant to 28 U.S.C. §1332 based upon diversity jurisdiction.

On December 28, 2007, the defendants filed the instant motion to strike the plaintiff's claims for punitive damages in Counts Four and Five of the

plaintiff's complaint, (Doc. No. 3), along with a brief in support thereof, (Doc. No. 4).  On January 16, 2008, the plaintiff filed an answer to the defendants' motion to strike, (Doc. No. 7), as well as a brief in opposition, (Doc. No. 8).

## II.    LEGAL STANDARD

Defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6).  This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can granted.  Dismissal should only occur where it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Accordingly, dismissal is appropriate "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint."  Trump Hotel and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998)(citing ALA, Inc. v. CCair, Inc., 29 F.3d 855, 859 (3d Cir. 1994)).

In deciding a motion to dismiss, a court should generally consider only the allegations contained in the complaint, the exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents which plaintiff has identified as the basis of his claim.  See Pension Benefit Guarantee Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196

(3d Cir. 1993).

It must also be remembered that when considering a motion to dismiss under Rule 12(b)(6), the important inquiry is not whether the plaintiff will ultimately prevail on the merits of his claim, but only whether he is entitled to offer evidence in support of them. Scheuer v. Rhodes, 416 U.S. 233, 236 (1974).

## III.   DISCUSSION

In his complaint, the plaintiff alleges that, on or about May 13, 2005, at approximately 5:00 p.m., he was asleep in the berth of his tractor trailer, which was parked at a loading dock at the Hess trucking lot on Grayson Road, Harrisburg, Pennsylvania.  (Doc. No. 1, Ex. A, ¶¶6, 9).  At that time, he alleges that defendant Kazakov, who was operating a tractor trailer owed by defendants Gene Kazakov, t/a and d/b/a Midwest Freight Network and/or Midwest Freight Network, Inc., was traveling through the Hess trucking lot. (Id. at ¶¶7, 10).  The plaintiff alleges that defendant Kazakov "operated the tractor trailer in such a careless, reckless and negligent manner that he suddenly and without warning sideswiped the front right of Plaintiff's tractor trailer with his tractor trailer . . ." (Id. at ¶10).  The plaintiff further alleges that the conduct of the defendants was "outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff Greggory Hargrow."  (Id. at ¶¶30, 32).  Although defendant knew or should

3

have known that failing to pay attention to other tractor trailers that were parked to be loaded and driving through the lot unsafely would result in a serious injury to others, the plaintiff alleges that he "operated his vehicle in such a reckless manner that he drove through the lot unsafely and failed to pay attention to other vehicles that were safely parked waiting to be loaded." (Id. at ¶ 30).  Finally, the plaintiff alleges that the defendants violated several provisions of the Federal Motor Carrier Safety Regulations, ("FMCSR"), including 49 C.F.R. §§392.3, 395.3, and 395.8.  (Id. at ¶¶19, 23, 27).

As a result of the above, the plaintiff has alleged claims of negligence against defendant Kazakov (Count One), defendant Kazakov t/a and d/b/a Midwest Freight Network, Inc. (Count Two), and defendant Midwest Freight Network, Inc. (Count Three).  In addition, the plaintiff is seeking punitive damages against defendant Kazakov (Count Four) and defendant Kazakov t/a and d/b/a Midwest Freight Network, Inc. (Count Five).

The defendants are seeking to have dismissed Counts Four and Five of the plaintiff's complaint.  Federal courts sitting in diversity cases apply federal procedural and state substantive law.  Hanna v. Plumer, 380 U.S. 460, 465 (1965)(citing Erie R.R. v. Tompkins, 304 U.S. 64 (1938)).  Pennsylvania's substantive law must therefore apply here regarding the issue of punitive damages.

Under Pennsylvania law, punitive damages may be awarded only for conduct that is especially egregious or outrageous.  Martin v. Johns-Manville

4

Corp., 494 A.2d 1088, 1096-97 (Pa.1985).  Punitive damages are appropriate to punish and deter only extreme behavior and, even in the rare instances in which they are justified, are subject to strict judicial controls.  The conduct must evince the defendant's evil motive or reckless indifference to the rights of others.  Chambers v. Montgomery, 192 A.2d 355, 358 (Pa.1963).  The phrase "reckless indifference to the interests of others" has sometimes been referred to as "wanton misconduct," which means that "the actor has intentionally done an act of an unreasonable character, in disregard to a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow."  McClellan v. HMO, 604 A.2d 1053, 1061 (Pa.Super.1992)(quoting Evans v. Philadelphia Transp. Co., 212 A.2d 440, 443 (Pa.1965)).

Pennsylvania has adopted §908 of the Restatement (Second) of Torts and accompanying comments regarding the imposition of punitive damages. Section 908(2) provides:

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff, that the defendant caused or intended to cause and the wealth of the defendant.

Restatement of Torts (Second) §908(2).

The Pennsylvania Supreme Court has stated that "[the] assessment of

punitive damages [is] proper when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton, or reckless conduct, and are awarded to punish that person for such conduct." SHV Coal, Inc. v. Continental Grain Co., 587 A.2d 702, 704 (Pa.1991).  Punitive damages may not be awarded for misconduct, "which constitutes ordinary negligence such as inadvertence, mistake and errors of judgment." Martin, 494 A.2d at 1097.

At this stage of the proceedings, it is unclear whether the plaintiff will be able to prove his claims regarding punitive damages.  However, that is not the issue on a motion to dismiss.  For purposes of the instant motion to dismiss, the plaintiff has sufficiently alleged his claims for punitive damages, such that the court will allow him to proceed.

## IV.    CONCLUSION

Based upon the foregoing, **IT IS HEREBY ORDERED THAT:**

the defendants' motion to strike the plaintiff's claims for punitive damages, **(Doc. No. 3)**, at this stage of the litigation, is **DENIED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:  August 8, 2008**

O:\shared\MEMORANDUMS\2007 MEMORANDUMS\07-2223-01.wpd